# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMARA SIMIC, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 15 C 19<br>)<br>) Judge Sharon Johnson Coleman |
| THE CITY OF CHICAGO, | )<br>) |
| Defendant. | ) |

## ORDER

Plaintiff Tamara Simic, on behalf of herself and a purported class filed a Complaint alleging violations of her constitutional rights stemming from fines she received under for violations of City of Chicago Municipal Code § 9-76-230. Following the Court's denial of her motion for preliminary injunction, Simic appealed. The Seventh Circuit affirmed this Court's order on March 20, 2017. *Simic v. City of Chicago*, 851 F.3d 734 (7th Cir. 2017). Defendant City of Chicago thereafter filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction [43]. This Court grants the motion for the reasons stated herein.

## Statement

Simic was ticketed and fined $500 for using a mobile phone while driving, in violation of Chicago Municipal Code § 9-76-230 ("Ordinance"). This ordinance specifically prohibits drivers from talking or listening on the phone, sending or receiving text or electronic messages, and browsing the internet. *Id.* at § 9-76-230(a). Violating the ordinance may result in a fine of at least $90 and up to $500 per violation. *See* Chi. Mun. Code § 9-4-020. This Court denied her motion for preliminary injunction after finding that Simic had not shown that there was no adequate remedy at law and, even if she had, the City of Chicago is a home rule unit, meaning that the City has expansive authority to enact regulations for the protection of the public health, safety, and welfare. Dkt. 22, *Simic v. City of Chicago*, 15 C 19, at 2 (N.D. Ill. June 24, 2015).

The Seventh Circuit affirmed this Court's denial of injunctive relief and further held that Simic lacked standing to invoke federal jurisdiction. *Simic,* 851 F.3d at 738. To have Article III standing, Simic must allege and be able to prove: (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. ----, ----, 134 S.Ct. 2334, 2341, 189 L.Ed.2d 246 (2014)). "A plaintiff bears the burden of showing that she has standing for each form of relief sought." *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)). The Seventh Circuit concluded that Simic could not establish that she had standing for either injunctive relief or monetary damages because she never paid a fine for her violation of the Ordinance and the City voluntarily dismissed the enforcement action to collect the fine. Additionally, the court held that Simic could not reasonably demonstrate a threat of future injury sufficient to support standing for injunctive relief. The court found that Simic's claimed threat of future injury is conjectural because it is contingent on her having concrete plans to again use her cell phone while driving, which would require her to violate a separate law, 625 ILCS 5/12-610.2, that she has not challenged. *Id.*

In affirming this Court's order, the Seventh Circuit invited this Court to consider dismissing the case for lack of subject matter jurisdiction. *Id.* at 740. This Court allowed briefing on the City of Chicago's motion to dismiss for lack of subject matter jurisdiction. In support of standing, Simic argues that she did not pay a fine because the City voluntarily dismissed the enforcement action and therefore under an exception to the mootness doctrine her claim is not moot. That argument fails because the issue of standing under Article III is distinct from mootness. *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 928 (7th Cir. 2013) (explaining that standing is evaluated at the time a suit is filed whereas mootness occurs when a party with standing at the start of a case loses it due to

2

intervening events). Simic also argues that she has incurred nominal damages from hiring counsel and paying for parking for court dates. This argument likewise fails because the Seventh Circuit determined that these nominal costs did not constitute an injury to her constitutional rights. *See Simic*, 851 F.3d at 739. Accordingly, this Court finds, as the Seventh Circuit did, that Simic lacks standing to pursue these claims.

**Conclusion**

Based on the foregoing, the City of Chicago's motion to dismiss for lack of subject matter jurisdiction [43] is granted. This Court denies Simic's motion to certify a class [2] based on the Seventh Circuit's holding that her lack of standing to seek injunctive relief and damages on her own behalf also prevents her from seeking such relief on behalf of the putative class. *Id.* at 740.

IT IS SO ORDERED.

ENTERED:

Dated: September 26, 2017

_____
SHARON JOHNSON COLEMAN
United States District Judge